No. 89-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF LINDA J. GARRYMORE,
f/k/a LINDA J. WILLIAMS,

        Petitioner and Appellant,

  and

MICHAEL W. WILLIAMS,

        Petitioner and Respondent.

APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John W. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Michael Donahoe, Helena, Montana

      For Respondent:

      Thomas W. Trigg, Missoula, Montana

Submitted on Briefs:  June 20, 1990

Decided:  July 19, 1990

FILED

Filed:

JUL 19 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Linda J. Garrymore appeals the order of the District Court for the Fourth Judicial District, Missoula County, modifying custody of the parties' daughter, S.M.W., by placing S.M.W. in the custody of Michael W. Williams. We affirm.

The issue is whether the District Court had jurisdiction.

When the marriage between Garrymore and Williams was dissolved, custody of their daughter, S.M.W., was placed with Garrymore. The order from which this appeal is taken modified custody so that S.M.W. is now in the custody of her father. At the time the modification order was entered, a separate dependent and neglect proceeding was pending before the Youth Court for Missoula County relating to Garrymore's custody of S.M.W. Garrymore's argument that the District Court was without jurisdiction is based solely upon the existence of that dependent and neglect proceeding in Youth Court.

Section 41-3-103, MCA, provides that a youth court has concurrent jurisdiction with the district court in dependent and neglect proceedings. We conclude that the District Court retained jurisdiction to modify custody in this case. See also Matter of C.C. (Mont. 1989), 772 P.2d 857, 46 St.Rep. 773. Further, we point out that there is no conflict between the orders of the District Court and the Youth Court in these matters and that the record

2

contains substantial evidence to support the District Court's findings and conclusions.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Affirmed. Let remittitur issue forthwith.

_Chief Justice_

We Concur:

_Justices_

3